**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

NATHANIEL TRINSEY,

Plaintiff,

v. CASE NO. 1:26cv149-RH-MAF

CYPRESS CARE,
OXFORD HOUSE NETWORK, and
GAINESVILLE HEALTH & FITNESS,

Defendants.

_________________________________/

**ORDER DISMISSING THE AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND FURTHER**

This case is before the court on the magistrate judge's report and recommendation, ECF No. 40, the plaintiff Nathaniel Trinsey's objections, ECF No. 59, and the defendant Oxford House Network's response to the objections, ECF No. 62. The recommendation is to grant Oxford House's motion to dismiss the first amended complaint.

Also pending are separate motions to dismiss filed by the defendants Gainesville Health & Fitness Center, Inc. and Cypress Care. Separately from seeking dismissal, Oxford House and Cypress Care assert the first amended

complaint does not accurately identify them. Oxford House says its correct name is Oxford House, Inc. The defendant identified in the first amended complaint as Cypress Care says the suable entity that operates Cypress Care is Arbor Nursing and Rehab LLC.

The report and recommendation correctly concludes the first amended complaint is an impermissible shotgun pleading. It attributes actions to the defendants without alleging which defendant did what. And it does not make clear which action allegedly supports which claim or why.

This order dismisses the first amended complaint on that basis. The order gives Mr. Trinsey leave to file a second amended complaint. Any second amended complaint must be labeled the second amended complaint. It must be double spaced. It must set out facts showing what each defendant allegedly did that provides a basis for recovery on what theory. Jumbling it all together will not do. And Mr. Trinsey should lose terms like “node” and “matrix” and instead set out a short and plain statement of his claims using ordinary English. Mr. Trinsey may wish to consider the assertions in the motions to dismiss about the correct names of the entities he has sued.

Mr. Trinsey need not mail copies of his filings to attorneys of record. And he need not include in his filings a certificate of service showing that he has provided copies to attorneys of record. Attorneys of record will receive copies through the

court's electronic filing system. Local Rule 5.1(F)(1) makes clear that this is sufficient.

IT IS ORDERED:

1. The report and recommendation, ECF No. 40, is accepted in part as set out in this order.

2. Oxford House, Inc.'s motion to dismiss, ECF No. 27, is granted.

3. The first amended complaint is dismissed as against all defendants.

4. Mr. Trinsey may file a second amended complaint by December 18, 2026.

5. Cypress Care's motion to dismiss, ECF No. 44, is denied as moot.

6. Gainesville Health & Fitness's motion to dismiss, ECF No. 55, is denied as moot.

7. Mr. Trinsey's motion, ECF No. 30, to extend time to file a second amended complaint is denied as moot.

8. Mr. Trinsey's motion, ECF No. 31, to designate him a whistleblower is denied.

9. Mr. Trinsey's motion, ECF No. 34, to allow him to file papers electronically is denied.

10. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on November 19, 2026.

s/Robert L. Hinkle
United States District Judge